# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMANUEL L. BOONE,

Plaintiff,

v.

GARCIA, *et al.*,

Defendants.

Case No. 1:23-cv00173-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS HONG, GARCIA, AND RAMEN FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE

(ECF Nos. 29, 30, 31, 32)

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Emanuel L. Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against defendants Dr. Rhonda Diem Hong, Dr. Dario, Dr. John Richard Garcia, and Dr. Ramen for deliberate indifference based on the denial of medical care in violation of the Eighth Amendment.

On March 3, 2026, the Court found service of the first amended complaint appropriate and ordered that service be initiated for Dr. Rhonda Diem Hong, Dr. Dario, Dr. John Richard Garcia, and Dr. Ramen, all of Adventist Health Bakersfield. (ECF No. 24.) The Court forwarded service documents to Plaintiff for completion and return within thirty days. (*Id.*)

Following Plaintiff's submission of service documents, the Court directed service of defendants by the United States Marshal on April 2, 2026. (ECF No. 27.)

On August 7, 2026, the United States Marshal filed returns of service unexecuted as to Defendants Dr. Rhonda Diem Hong, Dr. John Richard Garcia, and Dr. Ramen. (ECF Nos. 29, 30, 31.)

On August 11, 2026, the Court issued an order directing Plaintiff to show cause why Defendants Dr. Rhonda Diem Hong, Dr. John Richard Garcia, and Dr. Ramen should not be dismissed from this action. (ECF No. 32.) The Court informed Plaintiff that the failure to respond to the order would result in the dismissal of any unidentified defendants from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*) Plaintiff did not respond to the show cause order and the time to do so has expired.

**II. Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted an opportunity to provide sufficient information to identify and locate Defendants Dr. Rhonda Diem Hong, Dr. John Richard Garcia, and Dr. Ramen so that the United States Marshal may serve the summons and complaint. Despite a warning that failure to do would result in dismissal of the unserved defendants from this action, Plaintiff has not complied with the Court's order and has not provided good cause for his to provide sufficient information to identify and locate Defendants Dr. Rhonda Diem Hong, Dr. John Richard Garcia, and Dr. Ramen for service.

**III. Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendants Dr. Rhonda Diem Hong, Dr. John Richard Garcia, and Dr. Ramen be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE